# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

FREDERICK BERNARD MOORE                                                  PLAINTIFF

v.                            3:20-cv-00109-JM-JJV

BRENT COX, Administrator,
Greene County Detention Facility; *et al.*                          DEFENDANTS

## ORDER

Frederick Bernard Moore ("Plaintiff") has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, and an Application to Proceed *In Forma Pauperis*. (Doc. Nos. 1, 2.)

**I.    FILING FEE**

The total cost for filing a civil action in federal court is $400, which includes a $350 statutory fee and a $50 administrative fee. A prisoner who does not seek or is denied *in forma pauperis* status must pay the full $400 fee immediately. However, if *in forma pauperis* status is granted, the $50 administrative fee is waived, and the prisoner must pay the $350 statutory fee in monthly installments taken from his or her institutional account. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). If the prisoner has sufficient funds, an initial partial filing fee is collected as soon as *in forma pauperis* status is granted, and the remainder of the fee is collected monthly. 28 U.S.C. § 1915(b)(1). The Court makes these determinations based on the financial information provided in an Application to Proceed *In Forma Pauperis* ("IFP Application") and a Calculation of Initial Payment of Filing Fee Sheet ("Calculation Sheet"). Importantly, if the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full fee will be collected, and no portion will be refunded to the prisoner.

1

Plaintiff's IFP Application includes a Calculation Sheet containing information about the fund in his institutional account at the Greene County Detention Facility in February of 2020, which is outdated information. (Doc. No. 1 at 3.) And, according to the return address on the envelope containing Plaintiff's pleadings, he is currently in the Pulaski County Regional Detention Facility. (Doc. No. 2 at 16.) The Court must have current financial information to determine whether Plaintiff is entitled to proceed *in forma pauperis* and, if so, the amount of his initial partial filing fee. Thus, Plaintiff's IFP Application is denied. Plaintiff has thirty (30) days to either pay the $400 filing fee in full or file a current IFP Application and Calculation Sheet.

## II.     PROCEEDING *PRO SE*

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (citations omitted). For this reason, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure.

Additionally, Plaintiff must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings *of any change in his or her address*, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice**.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2) (emphasis added).

As previously noted, the return address on Plaintiff's envelope is the Pulaski County Regional Detention Facility. But, the address he provided on his Complaint is the Greene County Detention Center. (Doc. No. 2 at 1.) In light of this ambiguity, the Court will instruct the Clerk to mail a copy of this Order to both addresses. But, it will not do so in the future. Plaintiff will have thirty (30) days to file a Notice clarifying his correct mailing address. If he does not do so, the Court will only send his mail to the Greene County Detention Center, which is the address listed on the Complaint. And, as specified in Local Rule 5.5(c)(2), his failure to maintain a current address with the Clerk could result in the dismissal of this action.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's IFP Application (Doc. No. 1) is DENIED.

2. The Clerk is directed to mail this Order, an IFP Application, and a Calculation Sheet to Plaintiff at the Greene County Detention Facility, 1809 North Rocking Chair Road, Paragould, AR 72450 and the Pulaski County Regional Detention Facility, 3201 West Roosevelt Road, Little Rock, AR 72204.

3. Plaintiff must, **within thirty (30) days of the date of this Order:** (1) either pay the full $400 filing fee or file a properly completed IFP Application and Calculation Sheet;[1] and (2) file a Notice clarifying his current mailing address. Failure to do so may result in dismissal of this action without prejudice.

DATED this 8th day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff must complete and sign the IFP Application, while an authorized jail official must complete and sign the Calculation Sheet.