**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

FREDERICK BERNARD MOORE                                                    PLAINTIFF

v.                                    3:20-cv-00109-JM-JJV

BRENT COX, Administrator,
Greene County Detention Facility, *et al.*                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

Defendants Cody Burkett and Absalom Tilley have filed a Motion to Dismiss for Lack of Prosecution.[1]  (Docs. 118, 119.)  For the following reasons, I recommend the Motion be GRANTED.

In April 2020, Frederick Bernard Moore ("Plaintiff") filed this *pro se* action alleging Defendants violated his constitutional rights as protected by 42 U.S.C. § 1983.  (Doc. 2.)  At the beginning of the case, I granted Plaintiff permission to proceed *in forma pauperis*, advised him of

---

[1]  Plaintiff's claims against all other Defendants have been previously dismissed without prejudice.  (Docs. 25, 59, 66.)

1

his obligation under Local Rule 5.5(c)(2) to maintain a current mailing address with the Clerk, and cautioned him that his case could be dismissed if he failed to timely respond to an Order within thirty days.   (Doc. 3.)

In September 2021, mail sent to Plaintiff was returned undelivered because he was no longer in custody and failed to provide a current mailing address to the Clerk.   (Doc. 115.)   Given his release, it was unclear whether Plaintiff was still entitled to proceed *in forma pauperis.* Accordingly, on September 28, 2021, I entered an Order giving Plaintiff thirty days to update his address and file a new Application to *Proceed In Forma Pauperis*.   (Doc. 116.)   I also reminded Plaintiff that the failure to timely do so could result in the dismissal of his case.   (*Id*.)

Plaintiff has not complied with my September 28, 2021 Order, and the time to do so has expired.   Because Plaintiff has not maintained a valid address with the Clerk, it would be futile to grant him an extension of time to comply with my Order.   Accordingly, I recommend Defendants' Motion be granted and Plaintiff's claims against Defendants Burkett and Tilley be dismissed due to a lack of prosecution.   *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2); *Jones v. Johnson*, 06-1059, 2006 WL 1843521 (8th Cir. Jul. 6, 2006) (unpublished opinion) (Local Rule 5.5(c)(2) "authorizes dismissal for failure to respond to a court communication within thirty days").

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 118) be GRANTED, and Plaintiff's remaining claims against Defendants Burkett and Tilley be DISMISSED without prejudice.

2.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

2

DATED this 3rd day of November 2021.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE